```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JAMES KALAMARAS,

                Plaintiff,
                                         MEMORANDUM & ORDER
        -against-                        15-CV-4649(JS)(ARL)

NASSAU COUNTY; NASSAU COUNTY
DISTRICT ATTORNEY'S OFFICE;
RICK WHELAN, Chief of Organized
Crime and Rackets Bureau; ANNE
DONNELLY, Deputy Chief of Organized
Crime and Rackets Bureau; GEORGE J.
SMIT, Assistant District Attorney
of Organized Crime and Rackets
Bureau; and NASSAU COUNTY
SHERIFF'S DEPARTMENT,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      James Kalamaras, pro se
                    15002287
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On August 3, 2015, incarcerated pro se plaintiff James Kalamaras ("Plaintiff") filed an action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Nassau County, the Nassau County District Attorney's Office ("NCDA"), Rick Whelan, Chief of Nassau Organized Crime and Rackets Bureau ("Whelan"); Anne Donnelly, Deputy Chief of Organized Crime and Rackets Bureau ("Donnelly"); and George J. Smit, Assistant District Attorney of Organized Crime

and Rackets Bureau ("Smit" and collectively "the original Defendants") (See Compl., Docket Entry 1) accompanied by an application to proceed in forma pauperis (See, Docket Entry 2). On September 10, 2015, Plaintiff filed an application for the appointment of pro bono counsel to represent him in this case. (See Docket Entry 7.) On September 11, 2015, Plaintiff filed an Amended Complaint against the original Defendants and added the Nassau County Sheriff's Department ("Sheriff's Department" and collectively, "Defendants"). (See Am. Compl., Docket Entry 10.)

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. Accordingly, the Court ORDERS service of the Summonses and Complaint upon Defendants other than the Sheriff's Department by the United States Marshal Service ("USMS").[1]

---

[1] Plaintiff's claims against the Sheriff's Deparment are not plausible because it has no independent legal identity. It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Melendez v. Nassau Cnty., 10-CV-2516, 2010 WL 3748743, at *5 (E.D.N.Y. Sept. 17, 2010) (dismissing the claims against Sheriff's Department because it lacks the capacity to be sued). Thus, Plaintiff's claims against the Sheriff's Department are not plausible and are DISMISSED WITH PREJUDICE.

However, for the reasons that follow, the application for the appointment of pro bono counsel is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW when this case is trial ready, if so warranted at that time.

DISCUSSION

I. Appointment of Pro Bono Counsel

Unlike criminal defendants, civil litigants do not have a constitutional right to the appointment of counsel. However, pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." In deciding a motion for appointment of counsel, "the district judge should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). A position is likely to be of substance if it appears to the court that the plaintiff "appears to have some chance of success . . . ." Hodge, 802 F.2d at 60-61. Where a plaintiff satisfies this threshold requirement, the Second Circuit instructs that

> the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62. These factors are not restrictive and "[e]ach case must be decided on its own facts." Id. at 61.

Notwithstanding the requirement that pleadings drafted by a pro se litigant, are to be construed liberally and interpreted to raise the strongest arguments they suggest, see Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), the Court, upon careful review of the facts presented herein and in light of the factors required by law as discussed above, finds that the appointment of counsel is not warranted at this time.

Even assuming that Hodge's threshold requirement is satisfied, the record reflects that the legal issues presented are not unduly complex and that Plaintiff can adequately prosecute his claim pro se. Based on this review, Plaintiff's motion for appointment of pro bono counsel is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW when the action is ready for trial, if warranted at that time. It is Plaintiff's responsibility to retain an attorney or press forward with this lawsuit pro se. See 28 U.S.C. § 1654.

## CONCLUSION

Plaintiff's application to proceed in forma pauperis is GRANTED (Docket Entry 2) and the Court ORDERS service of the Summonses and Complaint upon all Defendants by the USMS **EXCEPT** the Sheriff's Department. Plaintiff's claims against the Sheriff's

4

Department are DISMISSED WITH PREJUDICE.  Plaintiff's request for the appointment of pro bono counsel (Docket Entry 7) is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW when the action is ready for trial, if warranted at that time.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).  The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff at his last known address.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January __29__, 2016
       Central Islip, New York